1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

6

7

8

9

10

11

12

| | |
|---|---|
| THE CHARTER OAK FIRE INSURANCE COMPANY, a foreign insurance company<br><br>Plaintiff,<br><br>v.<br><br>ZURICH AMERICAN INSURANCE COMPANY, a New York Corporation,<br><br>Defendant. | No. 2:21-cv-01344<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

13

14

PLAINTIFF, The Charter Oak Fire Insurance Company (hereinafter "Charter Oak"), by and through its attorneys, alleges as follows:

15

### I.    PARTIES

16

17

18

1.1    Charter Oak is an insurance company organized under the laws of the State of Connecticut with its principal place of business located in the State of Connecticut. Charter Oak is licensed to conduct insurance business in the State of Washington.

19

20

21

1.2    Zurich American Insurance Company ("Zurich") in an insurance company organized under the laws of the State of New York with its principal place of business in New York. Zurich is licensed to conduct business in the State of Washington.

22

### II.    JURISDICTION AND VENUE

23

2.1    Charter Oak is a citizen of the State of Connecticut.

24

COMPLAINT FOR DECLARATORY RELIEF - 1

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

1    2.2    Zurich is a citizen of the State of New York.

2    2.3    This Court has jurisdiction over this claim pursuant to 28 U.S.C. §1332 as the

3  amount in controversy exceeds $75,000.00, exclusive of interest and costs, and diversity amongst

4  the parties is complete.

5    2.4    The Court also has jurisdiction over this action pursuant to 28 U.S.C. §2201,

6  because there is a real, substantial, and justiciable issue in controversy between the parties to this

7  action with respect to the existence of insurance coverage under the policy of insurance issued by

8  Zurich. A judicial determination and a declaration of the rights and obligations as between the

9  parties is necessary and appropriate at this time because Charter Oak has no adequate remedy at

10  law which will resolve the current controversy.

11    2.5    Venue is proper with this Court pursuant to 28 U.S.C. §1391 as this case involves

12  claims for insurance coverage stemming from alleged losses which occurred in SeaTac,

13  Washington.

## III.    FACTS

15    3.1    The instant action arises out of personal injury and wrongful death claims by Leah

16  T. Wiiest, as personal representative for the Estate of Dianne Elaine Allard. Ms. Wiiest filed her

17  civil action in King County Superior Court, Case no. 19-2-09344-7, entitled *Leah T. Wiiest v.*

18  *Faamavaega Tafa., et al* (hereinafter the "Underlying Action").

**A.    Background Facts**

20    3.2    In the Underlying Action, it is alleged that on June 23, 2016, Dianne Elaine Allard

21  was a pedestrian crossing South 188th Street at 28th Avenue South. in SeaTac, Washington. At

22  the time of the accident, "SIDEWALK CLOSED AHEAD, (ARROW) CROSS HERE",

23  "SIDEWALK CLOSED" and pedestrian "DETOUR" signs that were in place.

24

COMPLAINT FOR DECLARATORY RELIEF - 2

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON  98109
P: (206) 467-5444  F: (206) 467-5544

1    3.3    In the Underlying Action, it is alleged that Faamavaega Tafa was traveling

2    westbound in the northern most lane of 188th Street and 28th Avenue S in SeaTac. Mr. Tafa did

3    not see Ms. Allard in the crosswalk. Mr. Tafa struck Ms. Allard in the crosswalk. ("Subject

4    Accident") Ms. Allard later died from her injuries on July 5, 2016.

5    3.4    On information and belief, the Subject Accident occurred in the construction zone

6    of Central Puget Sound Regional Transit Authority ("Sound Transit") Angle Lake Light Rail

7    Station. The Construction of the Angle Lake Light Rail Station will hereafter be referred to as the

8    "Subject Project." The Subject Project's construction zone included the construction of the

9    intersection of South. 188th and 28th Avenue South, SeaTac, Washington.

10   **B.    Pertinent Contract and Insurance Policies**

11   3.5    On information and belief, PCL Civil Contractors served as the design/build

12   general contractor at the Subject Project.

13   3.6    On information and belief, PCL Civil Contractors entered into a prime contract with

14   Sound Transit to furnish certain material, labor and services necessary to build the Subject Project.

15   3.7    On information and belief, Elcon Corporation ("Elcon") was hired to install

16   pedestrian signals at the cross walks at the Subject Project. On information and belief, Elcon had

17   installed the crossing signals at the time of the accident. However, the crossing signals had not

18   been made operational at the time of the accident. On information and belief, pedestrian signals

19   were covered with cardboard at the time of the incident.

20   3.8    On information and belief, Elcon entered into a written-design build contract with

21   PCL Civil Contractors. Elcon's scope of work included the following:

22   - Signalization includes both temporary and permanent Pedestrian and Vehicle Signals, Poles and Mast arms, Service
     and Controller cabinets, loops, j-boxes, conduits, conductors and maintenance of existing signals during construction.
     All signal pole foundations, concrete equipment pads, trenching, backfill etc, and directional boring are included.
23   - Temporary Signal work at S. 188th St. & 28th Ave. as well as S. 192nd St. & 28th Ave. is included.
     - Permanent Signal work at S. 188th St. & 28th Ave. as well as S. 192nd St. & 28th Ave. is included.
24   - An additional location for Temporary Signal work along 28th Ave. adjacent to abandoned fuel farm is included.

COMPLAINT FOR DECLARATORY RELIEF - 3

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON  98109
P: (206) 467-5444 F: (206) 467-5544

1   Ex. 1 – Subcontract p. 8.

2       3.9     On information and belief, the contract between Elcon and PCL Civil Contractors

3   required Sound Transit and PCL Civil Contractors to be added as additional insureds under Elcon's

4   general liability insurance policy.

5       3.10    A Certificate of Liability Insurance was issued to Elcon on June 29, 2015.  This

6   Certificate identifies Charter Oak as the insurer affording commercial general liability coverage to

7   Elcon under Policy No. CO-1G188775 (hereinafter the "Charter Oak Policy"). This Certificate

8   further states that PCL Civil Contractors and Sound Transit are additional insureds under the

9   Charter Oak Policy.  The Charter Oak Policy was in effect from June 30, 2015, to June 30, 2016.

10      3.11    The Charter Oak Policy issued to Elcon contains a Washington Defense Cost

11  endorsement which allows Charter Oak to recover defense costs incurred after Charter Oak has

12  advised that there may not be coverage under the policy.

13      3.12    Charter Oak issued a Reservation of Rights letter picking up the defense of PCL

14  Civil Contractors on January 3, 2020. Charter Oak issued a supplemental Reservation of Rights

15  letter to PCL Civil Contractors on May 19, 2020.

16      3.13    Charter Oak issued a Reservation of Rights letter picking up the defense of Sound

17  Transit on May 19, 2020.

18      3.14    Charter Oak has been defending and continues to defend PCL Civil Contractors

19  and Sound Transit against the claims asserted in the Underlying Action under an express

20  Reservation of Rights.

21      3.15    On March 26, 2021, Elcon was dismissed from the Underlying Action without

22  prejudice.

23      3.16    On information and belief, PCL Civil Contractors and Sound Transit were insured

24

COMPLAINT FOR DECLARATORY RELIEF - 4

1    by Zurich. On information and belief, the Zurich policy provides coverage for "bodily injury"

2    caused by an "occurrence."

3        3.17    On April 12, 2021, Charter Oak sent a request to Zurich asking Zurich to accept the

4    defense of PCL Civil Contractors and Sound Transit from Charter Oak. Specifically, Charter Oak

5    advised Zurich that they were the primary liability insurer for PCL Civil Contractors and Sound

6    Transit. As part of that request, Charter Oak advised Zurich of the Defense Cost reimbursement

7    endorsement in the Charter Oak policy.

8        3.18    On April 29, 2021, Zurich advised Charter Oak that Zurich was in the process of

9    retaining defense counsel and would be assuming the defense of PCL Civil Contractors and Sound

10   Transit.

11       3.19    Regardless, Zurich has still failed to accept the defense of PCL Civil Contractors

12   and Sound Transit with regard to the claims asserted in the Underlying Action.

13   **C.    Pertinent Policy Provisions**

14       3.20    The Charter Oak Policy contains the following Insuring Agreement:

15       **SECTION I – COVERAGES**
     **COVERAGE A BODILY INJURY AND PROPERTY**
16   **DAMAGE LIABILITY**

17       1. Insuring Agreement

18       a.      We will pay those sums that the insured becomes legally
                 obligated to pay as damages because of "bodily injury" or
19               "property damage" to which this insurance applies. We will
                 have the right and duty to defend the insured against any
20               "suit" seeking those damages. However, we will have no
                 duty to defend the insured against any "suit" seeking
21               damages for "bodily injury" or "property damage" to which
                 this insurance does not apply. We may, at our discretion,
22               investigate any "occurrence" and settle any claim or "suit"
                 that may result. But

23

24

COMPLAINT FOR DECLARATORY RELIEF - 5

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON  98109
P: (206) 467-5444  F: (206) 467-5544

     (1)  The amount we will pay for damages is limited as described in Section III - Limits of Insurance; and

     (2)  Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

  b.  This insurance applies to "bodily injury" and "property damage" only if:

     (1)  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

     (2)  The "bodily injury" or "property damage" occurs during the policy period; and

     (3)  Prior to the policy period, no insured listed under Paragraph 1. of Section II -Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part, if such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury"' or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

  c.  "Bodily injury or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under 4 Paragraph 1. of Section II - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

  d.  "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when

COMPLAINT FOR DECLARATORY RELIEF - 6

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON  98109
P: (206) 467-5444  F: (206) 467-5544

any insured listed under Paragraph 1. of Section II -Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

 (1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;
 (2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or
 (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

CG0001 10/01

3.21 The following definitions apply to the above referenced policy provision:

 3. "Bodily Injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

 […]

 13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

3.22 The Charter Oak Policy contains the following Additional Insured Endorsements:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY
BLANKET ADDITIONAL INSURED (CONTRACTORS)
This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART

 1. WHO IS AN INSURED – (Section II) is amended to include any person or organization that you agree in a "written contract requiring insurance" to include as an additional insured on this Coverage Part, but:

 a) Only with respect to liability for "bodily injury", "property damage" or "personal injury"; and
 b) If, and only to the extent that, the injury or damage is caused by acts or omissions of you or your subcontractor in the performance of "your work" to

COMPLAINT FOR DECLARATORY RELIEF - 7

which the "written contract requiring insurance" applies. The person or organization does not qualify as an additional insured with respect to the independent acts or omissions of such person or organization.

2.    The insurance provided to the additional insured by this endorsement is limited as follows:

a)    In the event that the Limits of Insurance of this Coverage Part shown in the Declarations exceed the limits of liability required by the "written contract requiring insurance", the insurance provided to the additional insured shall be limited to the limits of liability required by that "written contract requiring insurance". This endorsement shall not increase the limits of insurance described in Section III – Limits of Insurance.

b)    The insurance provided to the additional insured does not apply to "bodily injury", "property damage" or "personal injury" arising out of the rendering of, or failure to render, any professional architectural, engineering or surveying services, including: i. The preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders or change orders, or the preparing, approving, or failing to prepare or approve, drawings and specifications; and
ii.    Supervisory, inspection, architectural or engineering activities. 7

c)    The insurance provided to the additional insured does not apply to "bodily injury or "property damage" caused by "your work" and included in the "products—completed operations hazard" unless the "written contract requiring insurance" specifically requires you to provide such coverage for that additional insured, and then the insurance provided to the additional insured applies only to such "bodily injury" or "property damage" that occurs before the end of the period of time for which the "written contract requiring insurance" requires you to provide such coverage or the end of the policy period, whichever is earlier.

3.    The insurance provided to the additional insured by this endorsement is excess over any valid and collectible "other

COMPLAINT FOR DECLARATORY RELIEF - 8

insurance", whether primary, excess, contingent or on any other basis, that is available to the additional insured for a loss we cover under this endorsement. However, if the "written contract requiring insurance" specifically requires that this insurance apply on a primary basis, or a primary and non-contributory basis, this insurance is primary to the "other insurance" available to the additional insured which covers that person or organization as a named insured for such loss, and we will not share with that "other insurance". But the insurance provided to the additional insured by this endorsement still is excess over any valid and collectible "other insurance", whether primary, excess, contingent or on any other basis, that is available to the additional insured when the person or organization is an additional insured under such "other insurance".

4.    As a condition of coverage provided to the additional insured by this endorsement:

a)    The additional insured must give us written notice as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, such notice should include:

   i.    How, when and where the "occurrence" or offense took place;
   ii.   The names and addresses of any injured persons and witnesses; and
   iii.  The nature and location of any injury or damage arising out of the "occurrence" or offense.

b)    If a claim is made or "suit" is brought against the additional insured, the additional insured must:
   i.    Immediately record the specifics of the claim or "suit" and the date receive; and
   ii.   Notify us as soon as practicable. The additional insured must see to it that we receive written notice of the claim or "suit" as soon as practicable. 8

c)    The additional insured must immediately send us copies of all legal papers received in connection with the claim or "suit", cooperate with us in the investigation or settlement of the claim or defense against the "suit", and otherwise comply with all

COMPLAINT FOR DECLARATORY RELIEF - 9

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444 F: (206) 467-5544

1

policy conditions.

2

3

4

5

6

        d)     The additional insured must tender the defense and indemnity of any claim or "suit" to any provider of "other insurance" which would cover the additional insured for a loss we cover under this endorsement. However, this condition does not affect whether the insurance provided to the additional insured by this endorsement is primary to "other insurance" available to the additional insured which covers that person or organization as a named insured as described in paragraph 3. above.

7

    5.    The following definition is added to SECTION V. – DEFINITIONS:

8

9

10

11

"Written contract requiring insurance" means that part of any written contract or agreement under which you are required to include a person or organization as an additional insured on this Coverage Part, provided that the "bodily injury" and "property damage" occurs and the "personal injury" is caused by an offense committed:

12

13

a. After the signing and execution of the contract or agreement by you:

14

b. While that part of the contract or agreement is in effect; and

15

c. Before the end of the policy period.

CGD246 08/05

16

17

   3.23   In accordance with applicable law, Charter Oak now brings this claim for

18

Declaratory Judgment seeking a judicial determination that it no longer owes a duty to defend PCL

19

Civil Engineers and Sound Transit and that Zurich now owes PCL Civil Engineers and Sound

20

Transit a full and complete defense as the primary liability insured.

21

**IV.   THERE IS AN ACTUAL AND JUSTICIABLE CONTROVERSY**

22

   4.1   The Charter Oak Policy provides coverage to insureds for "bodily injury" caused

23

by an "occurrence," as those terms are defined by the policy.

24

COMPLAINT FOR DECLARATORY RELIEF - 10

1  4.2   The Charter Oak Policy provides additional insured coverage to any entity that

2  Elcon in required to add as an additional insured under a written contract requiring insurance.

3  4.3   The Charter Oak Policy provides additional insured coverage only to the extent that

4  the "bodily injury" was caused by acts or omissions of Elcon or its subcontractors.

5  4.4   There is an actual and justiciable controversy as to whether the "bodily injury"

6  alleged in the Underlying Action was caused by acts or omissions of Elcon or its subcontractors.

7  4.5   There is an actual and justiciable controversy as to whether Charter Oak owes a

8  duty to defend and/or indemnity coverage to PCL Civil Contractors as an additional insured under

9  the Charter Oak Policy with regard to the claims alleged in the Underlying Action.

10  4.6   There is an actual and justiciable controversy as to whether Charter Oak owes a

11  duty to defend and/or indemnity coverage to Sound Transit as an additional insured under the

12  Charter Oak Policy with regard to the claims alleged in the Underlying Action.

13  4.7.   There is an actual and justiciable controversy as to whether Zurich owes PCL Civil

14  Contractors a duty to defend as the primary insurer against claims asserted in the Underlying

15  Action.

16  4.8   There is an actual and justiciable controversy as to whether Zurich owes Sound

17  Transit a duty to defend against claims asserted in the Underlying Action.

18  4.9   There is an actual and justiciable controversy as to whether the allegations in the

19  Underlying Action are covered under the Charter Oak Policy.

20  **V.   CAUSES OF ACTION**

21  **A.   DECLARATORY RELIEF**

22  5.1   Charter Oak hereby incorporates by reference the allegations set forth in the

23  preceding paragraphs as if fully set forth herein.

24

COMPLAINT FOR DECLARATORY RELIEF - 11

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON  98109
P: (206) 467-5444  F: (206) 467-5544

1    5.2    Charter Oak is entitled to Declaratory Judgment in its favor in the form of a judicial

2    determination that Zurich, and not Charter Oak, owes a duty to defend PCL Civil Engineers as the

3    primary insurer against the claims asserted against it in the Underlying Action.

4    5.3    Charter Oak is entitled to Declaratory Judgment in their favor in the form of a

5    judicial determination that Zurich, and not Charter Oak, owes a duty to defend Sound Transit as

6    the primary insurer against the claims asserted against it in the Underlying Action.

7    **B.    Contribution and/or Equitable Contribution**

8    5.4    Charter Oak hereby incorporates by reference the allegations set forth in the

9    preceding paragraphs as if fully set forth herein.

10    5.5    Charter Oak has paid sums for costs and attorney fees in defending PCL Civil

11    Engineers and Sound Transit against the claims asserted in the Underlying Action. Some or all of

12    these costs and attorney fees should have been paid by Zurich.

13    5.6    Based on the doctrines of contribution and/or equitable contribution, Charter Oak is

14    entitled to recovery and/or reimbursement from Zurich for its proportionate share of the costs and

15    fees incurred in defending PCL Civil Contractors and Sound Transit with regard to the Underlying

16    Action.

17    **C.    Subrogation**

18    5.7    Charter Oak hereby incorporates by reference the allegations set forth in the

19    preceding paragraphs as if fully set forth herein.

20    5.8    Based on information and belief, Zurich owes PCL Civil Contractors a duty to

21    defend and indemnify with respect to the claims asserted in the underlying action.

22    5.9    Based on information and belief, Zurich owes Sound Transit a duty to defend and

23    indemnify with respect to the claims asserted in the underlying action.

24

COMPLAINT FOR DECLARATORY RELIEF - 12

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON  98109
P: (206) 467-5444  F: (206) 467-5544

5.10    Charter Oak has so far paid all costs and fees incurred for the defense of PCL Civil Contractors and Sound Transit in the Underlying Action. Charter Oak will continue to pay the costs and fees necessary for the defense and/or indemnification of PCL Civil Contractors and Sound Transit with regard to the Underlying Action. Some or all of these fees and costs should have been borne by Zurich.

5.11    Pursuant to its right of subrogation, Charter Oak is entitled to reimbursement of fees and costs incurred in defending PCL Civil Contractors and Sound Transit with regard to the Underlying Action, as well as any and all further costs and expenses or damages which result from the failure of Zurich to defend and indemnify PCL Civil Contractors and Sound Transit.

**D.    Indemnity**

5.12    Charter Oak hereby incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

5.13    The claims asserted in the Underlying Action contain allegations against PCL Civil Contractors and Sound Transit that could impose liability covered by the Zurich Policy.

5.14    Charter Oak has incurred expenses in defending PCL Civil Contractors and Sound Transit with regard to the Underlying Action and may incur further expenses defending and/or indemnifying PCL Civil Contractors and Sound Transit. Some or all of these expenses should have been borne by Zurich.

5.15    Charter Oak is entitled to indemnity from Zurich for the defense and indemnification costs they incurred in defending and/or indemnifying PCL Civil Contractors and Sound Transit with regard to the Underlying Action.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Charter Oak, having specifically alleged the forgoing, now requests the

COMPLAINT FOR DECLARATORY RELIEF - 13

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON  98109
P: (206) 467-5444  F: (206) 467-5544

1 following relief:

2      1.      For a determination of the rights and obligations of the parties hereto with regard to

3 the claims asserted in the Underlying Action under the Charter Oak Policy and Zurich Policy.

4      2.      For a declaration that Zurich owes defense and indemnity obligations to PCL Civil

5 Contractors and Sound Transit with respect to the claims asserted in the Underlying Action.

6      3.      For a declaration that Charter Oak does not presently owe a duty to defend PCL

7 Civil Contractors and Sound Transit under the Charter Oak Policy because PCL Civil Contractors

8 and Sound Transit do not qualify as additional insureds under Charter Oak Policy.

9      4.      For judgment in favor of Charter Oak, including an award of damages in an amount

10 to be proven at trial, for its contribution, subrogation and/or indemnity claims.

11      5.      For all interest as allowed by applicable law.

12      6.      For attorney fees and costs allowed by appliable statue and law.

13      7.      For other and further relief as the Court deems just and equitable.

14      DATED this 1st day of October 2021.

15

16                             LETHER LAW GROUP

17                             *s/ Thomas Lether*
                            *s/ Eric J. Neal*

18                             Thomas Lether, WSBA #18089
                            Eric J. Neal, WSBA #31863

19                             1848 Westlake Avenue N, Suite 100
                            Seattle, WA 98109

20                             P:  (206) 467-5444/F: (206) 467-5544
                            tlether@letherlaw.com

21                             eneal@letherlaw.com
                            *Attorneys for Plaintiff Charter Oak Fire Insurance*

22                             *Company*

23

24

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444 F: (206) 467-5544